1  Zachary Nightingale (California Bar # 184501)
   Marc Van Der Hout (California Bar #80778)
2  Johnny Sinodis (California Bar #290402)
   Van Der Hout LLP
3  360 Post Street, Suite 800
   San Francisco, CA 94108
4  Telephone: (415) 981-3000
5  Fax: (415) 981-3003
   Email: ndca@vblaw.com
6
   Attorneys for Plaintiffs
7

                    UNITED STATES DISTRICT COURT
8                FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
9

10 | J.C., L.Z., A.O., V.A., A.B., W.W., Y.Z., D.Y., | Case No.: 5:25-cv-03502-PCP
   | I.P., T.W., E.S., H.L.,                         |
11 |                                                 |
   |     Plaintiffs,                                 | **DECLARATION OF ZACHARY**
12 |                                                 | **NIGHTINGALE IN SUPPORT**
   |     v.                                          | **OF MOTION FOR A**
13 |                                                 | **TEMPORARY RESTRAINING**
   | Kristi NOEM, in her official capacity, Secretary,| **ORDER**
14 | U.S. Department of Homeland Security;           |
15 |                                                 | Request for Declaratory and
   | Todd M. LYONS, in his official capacity, Acting | Injunctive Relief
16 | Director, Immigration and Customs Enforcement,  |
   | U.S. Department of Homeland Security;           |
17 |                                                 |
18 | Moises BECERRA, in his official capacity, Acting|
   | Field Office Director of San Francisco Office of|
19 | Detention and Removal, U.S. Immigrations and    |
   | Customs Enforcement, U.S. Department of         |
20 | Homeland Security; and                          |
21 |                                                 |
   | Donald J. TRUMP, in his official capacity,      |
22 | President of the United States of America;      |
23 |                                                 |
   |     Defendants.                                 |

24
25
26
27
28

---

Declaration of Zachary Nightingale                              No. 5:25-cv-03502-PCP
Re: Motion for a Temporary Restraining Order

I, Zachary Nightingale, do hereby declare:

1. I am a partner at Van Der Hout LLP at 360 Post Street, Suite 800, San Francisco, CA 94108. I have personal knowledge of the matter stated herein because I am an attorney for Plaintiffs J.C., L.Z., A.O., V.A., A.B., W.W., Y.Z., D.Y., I.P., T.W., E.S., and H.L. in this complaint.

2. On April 22, 2025, Plaintiffs' Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act and the Declaratory Judgment Act was filed with the Court by electronic filing. This same day, I also emailed the Office of the U.S. Attorney for the Northern District of California with a copy of the Complaint.

3. The morning of April 22, 2025, I notified the Office of the U.S. Attorney for the Northern District of California via email that Plaintiffs intended to file a Motion for Protective Order and a Motion for Temporary Restraining Order in this case. By the time of this filing, Defendants' counsel has not responded.

4. On April 23, 2025, I caused a copy of the Complaint and all supporting documents, as well as all other pleadings, to be received by the office of the United States Attorney at 450 Golden Gate Ave., San Francisco, California 94102, tomorrow, April 23, 2025..

5. Attached in support of Plaintiffs' motion at <u>Exhibit A</u> are true and correct copies of two temporary restraining orders issued by the Honorable Jeffrey S. White and the Honodrable Noël Wise from this Court to plaintiffs who are similarly situated to Plaintiffs in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23rd day of April 2025, at San Francisco, California.

/s/Zachary Nightingale
Zachary Nightingale
Declarant

1

Declaration of Zachary Nightingale
Re: Complaint for Declaratory and Injunctive Relief

No. 5:25-cv-03502-PCP

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br> v.<br><br>KRISTI NOEM, TODD M. LYONS, MOISES BECERRA, and DONALD J. TRUMP,<br><br>  Defendants. | Case No. 25-cv-03140-JSW<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE AND HEARING**<br><br>Re: Dkt. No. 9 |

  Now before the Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 65(b) for a temporary restraining order. Defendants are Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), Todd M. Lyons, in his official capacity as the Acting Director of Immigration and Customs Enforcement ("ICE"), Moises Becerra, in his official capacity as the Acting Field Office Director of the San Francisco ICE Office of Detention and Removal, and Donald J. Trump, in his official capacity as President of the United States (collectively, "the Government").

  Plaintiff asks the Court to temporarily enjoin Defendants from taking any enforcement action against him arising directly or indirectly from the termination of Plaintiff's Student and Exchange Visitor Information Systems ("SEVIS") records and possible revocation of his F-1 visa. The limited record before the Court indicates that Plaintiff is a former international student currently working pursuant to post-graduate employment authorization in this District. (Compl., ¶

15.)[1] He has been present in the United States on an F-1 visa and is married to a United States citizen. (*Id.* ¶ 40.) Plaintiff argues he "set to change status" on June 28, 2025. (Mot. at 4.) On March 28, 2025, Plaintiff received a notice from his graduate school that his SEVIS status was terminated. The reason cited was failure to maintain status based on a criminal records check. (*Id.* ¶¶ 34-35.) Plaintiff acknowledges a minor misdemeanor conviction but alleges it was not for a crime of violence and did not carry a potential sentence of more than one year. (*Id.* ¶ 38.)[2]

Plaintiff's counsel indicates that has been corresponding with the Office of the United States Attorney about this matter and the pending motion. Counsel requested that the Government agree not to arrest Plaintiff pending resolution of this litigation. The Government did not agree. (Mot. at 6.)

Although "very few circumstances" justify the issuance of an *ex parte* temporary restraining order ("TRO"), based on the Court's review of Plaintiff's motion, allegations in the complaint, and relevant authorities, it finds that Plaintiff has met the requirement for an emergency *ex parte* TRO at this time. *See* Fed. R. Civ. P. 65(b) (Court may only issue a TRO without notice to the adverse party is (1) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.")

A plaintiff seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (holding that, in the Ninth Circuit, "serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the W*inter* test are also met"). Where, as here, the

---

[1] Plaintiff separately seeks to proceed under a pseudonym. (Dkt. No. 2.)

[2] Pursuant to 8 C.F.R. section 214.1(g), only a crime of violence and for which a sentence of more than one year imprisonment may be imposed constitutes a failure to maintain status.

Government is a party, the last two factors merge. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

The Court is satisfied that Plaintiff has shown a likelihood of success and at the very least has shown serious questions going to the merits of his claim under the Administrative Procedure Act. Plaintiff alleges that "ICE takes the position that the termination of a SEVIS record effectively ends F-1 student status." (Compl. ¶ 4.) Plaintiff argues the termination is a final agency action for purposes of the APA. *See, e.g., Fang v. Director U.S. Immigration & Customs Enforcement,* 935 F.3d 172, 185 (3rd Cir. 2019) (holding that order terminating F-1 visa status was final agency action for jurisdictional purposes). Plaintiff alleges that he had advised ICE of the conviction. Based on the current record, none of the grounds on which Defendants relied to terminate his SEVIS status comport with 8 C.F.R. § 814.1(d). *See, e.g., Roe v. Noem*, No. CV 25-40-BU-DLC, 2025 WL 1114694, at *3 (D. Mont. April 15, 2025) (granting TRO on APA claim on similar facts: student alleged DHS unlawfully terminated F1-status in SEVIS system and cited reasons did not comport with statutory or regulatory requirements); *Isserdasani v. Noem*, No. 25-cv-283-WMC, 2025 WL 1118626 (W.D. Wis. April 15, 2025) (same).

The Court also concludes Plaintiff has shown the likelihood of irreparable harm absent relief. Plaintiff alleges that his spouse "struggles with serious mental health issues and … is the primary caretaker for a family member suffering from serious illness." (Compl., ¶ 40.) He argues that if he was "arrested and incarcerated in an immigration jail as a result of ICE's [] termination of their SEVIS record, Plaintiff and their U.S. citizen spouse would suffer even further excruciating mental, emotional, and financial harm." (*Id.*) The Court's conclusion on this factor is further supported by the Government's refusal not to arrest Plaintiff in the interim.

Given the limited scope of this TRO, the serious consequences that could befall Plaintiff, and because "the public interest is served by compliance with the APA,"[3] the Court concludes the final two *Winter* factors weigh in favor of granting the TRO. Finally, under the circumstances of this case and because the TRO should not result in any financial damage to Defendants, the Court

---

[3] *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) (cleaned up).

waives the requirement that Plaintiff give an amount of security.

Accordingly, the Court GRANTS Plaintiff's motion for a TRO to preserve the status quo pending further briefing and a fulsome hearing on this matter. The Court shall hold an in-person hearing on Friday, April 25, 2025, at 9:00 a.m. Defendants shall file a response to Plaintiff's motion by no later than April 21, 2025, at 11:00 a.m. Plaintiff shall file a reply by no later than April 23, 2025, at 11:00 a.m.

IT IS FURTHER ORDERED as follows:

(1) Defendants are enjoined for 14 days from arresting and incarcerating Plaintiff pending resolution of these proceedings. 5 U.S.C. § 705; and

(2) Defendants are enjoined for 14 days from transferring Plaintiff outside the jurisdiction of this District pending the resolution of these proceedings. 5 U.S.C. § 705; and

(3) The parties are ordered to redact or file any information identifying Plaintiff under seal; and

(4) Defendants' counsel are prohibited from sharing any information about Plaintiff's identity or related personal information beyond what is reasonably necessary for the litigation (including to comply with Court orders) and to prohibit use of the information for any purpose outside of the litigation; and

(5) Plaintiff shall serve Defendants with this Order forthwith and provide proof of service on the docket by no later than April 17, 2025, by 1:00 p.m.

**IT IS SO ORDERED.**

Dated: April 17, 2025 at 9:27 a.m.

_____
JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.Y., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, et al.,<br><br>   Defendants. | Case No. 25-cv-03244-NW<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE AND HEARING**<br><br>Re: ECF No. 10 |

On April 11, 2025, Plaintiffs brought suit against Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), Todd M. Lyons, in his official capacity as the Acting Director of Immigration and Customs Enforcement ("ICE"), Moises Becerra, in his official capacity as the Acting Field Office Director of the San Francisco ICE Office of Detention and Removal, and Donald J. Trump, in his official capacity as President of the United States (collectively, "the Government"). Compl., ECF No. 1.

On April 16, 2025, Plaintiffs filed a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) ("TRO"). ECF No. 10 ("Mot."). Plaintiffs ask the Court to temporarily enjoin Defendants from taking any enforcement action against them arising directly or indirectly from the termination of Plaintiffs' Student and Exchange Visitor Information Systems ("SEVIS") records[1] and possible revocation of their F-1 visa, and enjoin any legal effect that otherwise may be caused by the termination of Plaintiffs' SEVIS statuses or the potential unlawful revocation of their F-1 visas. Mot. at 1, 22.

---

[1] SEVIS is "the web-based system that [DHS] uses to maintain information regarding: . . . F-1 . . . students studying in the United States[.]" About SEVIS, Department of Homeland Security, https://studyinthestates.dhs.gov/site/about-sevis (last visited April 17, 2025).

## I. BACKGROUND

The limited record before the Court indicates that Plaintiffs S.Y., Z.D., Y.W., H.G., and W.X. are each individuals who are present in the United States on an F-1 visa and are maintaining their status by being either current students or employed pursuant to post-graduate optional practical training ("OPT") employment authorization in this District. Compl. ¶ 1. This Court granted Plaintiffs leave to proceed under pseudonyms. ECF No. 11.

Plaintiff S.Y. is a current graduate student in this District. Compl. ¶ 35. Plaintiff S.Y. first came to the United States in 2013 as an undergraduate student, on a student visa. *Id*. ¶ 36. Plaintiff S.Y.'s visa was renewed on multiple occasions, including most recently in 2024. *Id*. ¶¶ 37-38. On or about April 8, 2025, S.Y. received notice from their university that their SEVIS status was terminated; it is unclear who terminated S.Y.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id*. ¶¶ 39-41. According to the university, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status – Individual identified in criminal records check and/or has had their visa revoked." *Id*. ¶ 40; Decl. Zachary Nightingale in Support of Compl. ("Nightingale Compl. Decl.") ¶ 5, Ex. B. Plaintiff S.Y. acknowledges a 2018 misdemeanor conviction for driving under the influence (for which S.Y. paid a fine and completed classes) but alleges it was not a crime of violence and did not carry a potential sentence of more than one year.[2] *Id*. ¶ 45. On or about April 9, 2025, Plaintiff S.Y. received notice from the U.S. Department of State that their F-1 visa had been revoked. *Id*. ¶ 44.

Plaintiff Z.D. is currently employed pursuant to post-graduate OPT employment authorization, which is authorized through their F-1 student status, in this District. *Id*. ¶ 46. Plaintiff Z.D. first came to the United States in 2021 as an undergraduate student, on a student visa, and earned both undergraduate and graduate degrees. *Id*. ¶ 47. On or about April 4, 2025, Plaintiff Z.D. received notice from the Student and Exchange Visitor Program ("SEVP") that their SEVIS status was terminated. *Id*. ¶ 48. It is unclear who terminated Plaintiff Z.D.'s SEVIS status, but Plaintiff was not informed that the university terminated their SEVIS status. *Id*. ¶ 52.

---

[2] Pursuant to 8 C.F.R. section 214.1(g), only a crime of violence and for which a sentence of more than one year imprisonment may be imposed constitutes a failure to maintain status.

According to SEVP, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status – Individual identified in criminal records check and/or has had their visa revoked." *Id*. ¶ 49; Nightingale Compl. Decl. ¶ 5, Ex. F. Plaintiff Z.D. acknowledges a 2024 misdemeanor conviction for disturbing the peace (for which Z.D. paid a fine) but alleges it was not a crime of violence and did not carry a potential sentence of more than one year. *Id*. ¶ 55. On or about April 4, 2025, Plaintiff Z.D. received an email from do-not-reply.SEVP@ice.dhs.gov stating that Z.D.'s OPT authorization period has ended. *Id*. ¶ 50. On or about April 6, 2025, Plaintiff Z.D. also received notice from the U.S. Department of State that their F-1 visa had been revoked. *Id*. ¶ 51.

Plaintiff Y.W. is a current undergraduate student in this District. *Id*. ¶ 57. Plaintiff Y.W. first came to the United States in 2021 as an undergraduate student, on a student visa. *Id*. ¶ 58. On or about April 4, 2025, Plaintiff Y.W. received a phone call from their university informing Y.W. that their SEVIS status was terminated. *Id*. ¶ 61. Plaintiff Y.W. is unaware of the factual basis for the termination of their SEVIS status; it is unclear who terminated Y.W.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id*. ¶¶ 61-63. Plaintiff Y.W. does not have any criminal arrest or conviction, including no conviction for a crime of violence with a potential sentence of more than one year. *Id*. ¶ 65. Plaintiff Y. W. acknowledges that they were previously deported in 2022 (when Y.W. left the country and reentered while transiting to another country), which was not a criminal matter, and Y.W. subsequently applied for another F-1 visa, which the United States granted. *Id*. ¶¶ 59, 65. Plaintiff Y.W. has not received notice that their F-1 visa has been revoked.

Plaintiff H.G. is a current graduate student in this District. *Id*. ¶ 66. Plaintiff H.G. first came to the United States in 2019 as an undergraduate student, on a student visa, and earned an undergraduate degree. *Id*. ¶ 67. On or about April 4, 2025, Plaintiff H.G. received notice from their university that their SEVIS status was terminated; it is unclear who terminated H.G.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id*. ¶ 69. According to the university, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status – Individual identified in criminal records check and/or has had their visa revoked." *Id*. ¶

3

70; Nightingale Compl. Decl. ¶ 5, Ex. L. Plaintiff H.G. acknowledges a 2021 arrest for which all changes were dismissed; this is not a conviction, nor a conviction for a crime of violence with a potential sentence of more than one year. *Id*. ¶ 74. Plaintiff H.G. has not received notice that their F-1 visa has been revoked.

Plaintiff W.X. is currently employed pursuant to post-graduate Science, Technology, Engineering, and Mathematics OPT employment authorization in this District. *Id*. ¶ 75. Plaintiff W.X. first came to the United States in 2017 as a high school student, on a student visa, and earned a high school diploma, and both undergraduate and graduate degrees. *Id*. ¶ 76. On or about April 4, 2025, Plaintiff W.X. received notice from the university where they obtained their graduate degree, which oversees their post-graduate employment authorization, that their SEVIS status was terminated; it is unclear who terminated Plaintiff W.X.'s SEVIS status, but Plaintiff was informed that it was not the university. *Id*. ¶¶ 77-80. According to the university, the reason cited in SEVIS for the termination was "Otherwise Failing to Maintain Status" with the "additional SEVP explanation [as] 'Individual identified in criminal records check and/or has had their VISA revoked.'" *Id*. ¶ 78; Nightingale Compl. Decl. ¶ 5, Ex. O. Plaintiff W.X. acknowledges a 2024 arrest for which no charges were filed. *Id*. ¶ 83. This is not a conviction, nor a conviction for a crime of violence with a potential sentence of more than one year. On or about April 9, 2025, Plaintiff W.X. received notice from the U.S. Department of State that their F-1 visa had been revoked. *Id*. ¶ 82.

## II. LEGAL STANDARD

The Court may issue a TRO without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In addition, this District's Civil Local Rules require that a TRO application be accompanied by "[a] declaration by counsel certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided." Civ. L.R. 65-1(a)(5).

4

1    Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Courts may still issue a preliminary injunction if a "plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits," if the balance of equities "tips sharply in the plaintiff's favor" and the plaintiff establishes that they are likely to suffer irreparable harm and that an injunction is in the public interest. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).[3]

### III.    DISCUSSION

Although "very few circumstances" justify the issuance of an *ex parte* temporary restraining order, based on the Court's review of Plaintiffs' motion, allegations in the complaint, and relevant authorities, the Court finds that Plaintiffs have met the requirements for an emergency *ex parte* TRO. The Court is satisfied that Plaintiffs have demonstrated that there are serious questions going to the merits of their claims under the Administrative Procedure Act, and have further established that they are likely to succeed on the merits. Plaintiffs' counsel notes that they have reached out to the Office of the United States Attorney about this matter and the pending motion. Decl. Zachary Nightingale in Support of Mot. ¶ 2-3, ECF No. 10-1. Plaintiffs' counsel indicates that "Defendants' counsel stated via email that they have notified Defendants of this case, but that Defendants cannot stipulate to the terms proposed by the temporary restraining

---

[3] Where, as here, the Government is a party, the last two *Winter* factors merge. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

5

United States District Court
Northern District of California

1  order at this time." *Id*. ¶ 4.

2  Plaintiffs argue the termination of a SEVIS record is a final agency action for purposes of
3  the APA. *See, e.g., Fang v. Dir. U.S. Immigr. & Customs Enf't,* 935 F.3d 172, 185 (3rd Cir. 2019)
4  (holding that order terminating F-1 visa status was final agency action for jurisdictional purposes).
5  Based on the record currently before this Court, Plaintiffs will likely be able to show that
6  Defendants' termination of Plaintiffs' F-1 student statuses were not in compliance with 8 C.F.R.
7  § 214.1(d), and were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance
8  with the law. *See* 5 U.S.C. § 706(2)(A); *see also e.g.*, *Roe v. Noem*, No. CV 25-40-BU-DLC, 2025
9  WL 1114694, at *3 (D. Mont. April 15, 2025) (granting TRO on APA claim on similar facts:
10 student alleged DHS unlawfully terminated F1-status in SEVIS system and cited reasons did not
11 comport with statutory or regulatory requirements); *Isserdasani v. Noem*, No. 25-cv-283-WMC,
12 2025 WL 1118626, at *6 (W.D. Wis. Apr. 15, 2025) (same). In the last week, throughout the
13 United States, current and former students with F-1 visas have been granted temporary injunctive
14 relief following their SEVIS records being terminated. *Liu v. Noem*, Case No. 1:25-cv-00133-SE-
15 TSM (D.N.H. Apr. 10, 2025); *Wu v. Lyons,* Case No. 1:25-cv-01979-NCM (E.D.N.Y. Apr. 11,
16 2025); *Isserdasani*, 2025 WL 1118626, at *3; *Hinge v. Lyons*, Case No. 1:25-cv-01097 (D.D.C.
17 Apr. 17, 2025); *Arizona Student DOE #2 v. Trump*, Case No. 4:25-cv-00175-AMM (D. Ariz. Apr.
18 15, 2025); *Jin v. Noem*, Case No. 0:25-cv-01391-PJS-DLM (D. Minn. Apr. 17, 2025).

19 The Court also finds that Plaintiffs have shown the likelihood of irreparable harm absent
20 relief. Plaintiffs allege that they are current at risk of unlawful enforcement action by Defendants
21 including arrest and detention, which would likely lead to them being transferred to another
22 jurisdiction far away from their communities, and deportation. Mot. at 18. Plaintiffs additionally
23 allege that they have been experiencing high levels of stress and anxiety since the termination of
24 their SEVIS records. Mot. at 19. Moreover, Plaintiffs allege that termination of their SEVIS
25 records is likely to lead to the discontinuation of their studies or their inability to continue their
26 OPT employment, jeopardizing Plaintiffs' academic and career trajectories. *Id*. Plaintiffs have
27 shown that, without a TRO, they will suffer irreparable harm for which an award of monetary
28 damages would not be sufficient. The Court's conclusion on this factor is further supported by the

6

Government's refusal stipulate to the terms proposed by the temporary restraining order, which included the agreement not to arrest or deport Plaintiffs during the pendency of this action.

In its analysis the Court has considered: the limited scope of this TRO; the serious possible consequences to Plaintiffs, including loss of education, employment, arrest, and/or deportation; and the public interest served by our government respecting due process, compliance with the APA, and other federal laws – interests fundamental to our historic values. *See Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("The government of the United States has been emphatically termed a government of laws, and not of men."). The Court finds that both the balance of the hardships, and whether injunctive relief is in the public interest, weigh in Plaintiffs' favor.

Finally, under the circumstances of this case and because the TRO should not result in any financial damage to Defendants, the Court waives the requirement that Plaintiff give an amount of security.

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. The Court shall hold an in-person hearing on Friday, April 25, 2025, at 9:00 a.m. Defendants shall file a response to Plaintiffs' motion by no later than April 21, 2025, at 11:00 a.m. Plaintiff shall file a reply by no later than April 23, 2025, at 11:00 a.m.

IT IS FURTHER ORDERED as follows:

(1) Defendants are enjoined for 14 days from arresting and incarcerating Plaintiffs pending resolution of these proceedings. 5 U.S.C. § 705; and

(2) Defendants are enjoined for 14 days from transferring Plaintiffs outside the jurisdiction of this District pending the resolution of these proceedings. 5 U.S.C. § 705; and

(3) Defendants are enjoined for 14 days from imposing any legal effect that otherwise may be caused by the termination of Plaintiffs' SEVIS statuses or the potential unlawful revocation of their F-1 visas. 5 U.S.C. § 705; § 706(2)(A), (C)-(D); and

(4) The parties shall redact or file any information identifying Plaintiffs under seal; and

(5) Defendants' counsel are prohibited from sharing any information about Plaintiffs' identities or related personal information beyond what is reasonably necessary for the litigation (including to comply with Court orders) and to prohibit use of the information for any purpose outside of the litigation; and

7

(6) Plaintiffs shall serve Defendants with this Order forthwith and provide proof of service on the docket by no later than April 18, 2025, by 1:00 p.m.

**IT IS SO ORDERED.**

Dated: April 17, 2025 at 4:45 p.m.

　　　　　　　　　　　　　　　　　　　　　　
Noël Wise
United States District Judge

8