Zachary Nightingale (California Bar # 184501)
Marc Van Der Hout (California Bar #80778)
Johnny Sinodis (California Bar #290402)
Van Der Hout LLP
360 Post St., Suite 800
San Francisco, CA 94108
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| J.C., L.Z., A.O., V.A., A.B., W.W., Y.Z., D.Y., I.P., T.W., E.S., H.L., <br><br>　　　Plaintiffs, <br><br>　　　v. <br><br>Kristi NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security; <br><br>Todd M. LYONS, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; <br><br>Moises BECERRA, in his official capacity, Acting Field Office Director of San Francisco Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. Department of Homeland Security; and <br><br>Donald J. TRUMP, in his official capacity, President of the United States of America; <br><br>　　　Defendants. | Case No.: 5:25-cv-03502-PCP <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS'MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs are entitled to a temporary restraining order if they establish that they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Absent a showing of likelihood of success on the merits, the Court may still grant a temporary restraining order if Plaintiffs raise "serious questions" as to the merits of their claims, the balance of hardships tips "sharply" in their favor, and the remaining equitable factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

Upon consideration of Plaintiffs' Motion for Temporary Restraining Order, and finding sufficient cause, the motion is **GRANTED**, and **IT IS FURTHER ORDERED** that:

1. Defendants are enjoined from arresting and incarcerating Plaintiffs pending the resolution of these proceedings. 5 U.S.C. § 705;
2. Defendants are enjoined from transferring Plaintiffs outside the jurisdiction of this District pending the resolution of these proceedings. 5 U.S.C. § 705; and
3. Any legal effect that the unlawful termination of Plaintiffs SEVIS statuses or the potential unlawful revocation of their F-1 visas may have is enjoined pending further order of the Court, 5 U.S.C. § 705; § 706(2)(A), (C)-(D), including:
   a. Preventing Plaintiffs from continuing their existing studies or employment authorization under CPT or OPT in valid F-1 visa status, 5 U.S.C. § 705; § 706(2)(A), (C)-(D);
   b. Preventing, based on an alleged lack of valid nonimmigrant visa status, Plaintiffs from changing status to another nonimmigrant status, or applying for adjustment of status to lawful permanent resident. 5 U.S.C. § 705; § 706(2)(A), (C)-(D);
   c. Determining that Plaintiffs are accruing unlawful presence in the United

States as a result of the SEVIS terminations, 5 U.S.C. § 705; § 706(2)(A), (C)-(D); and

    d. Preventing Plaintiffs from entering the United States using their valid F-1 visa or, if necessary, applying for another F-1 visa for which they would be eligible but for the SEVIS termination being challenged.

4. In light of point 3 above, pending these proceedings, Plaintiffs are permitted to continue pursuing their studies and employment under their CPT and OPT, and can also change status from F-1 to another nonimmigrant visa, or can apply for adjustment of status to lawful permanent resident.

5. The parties are ordered to redact or file any information identifying Plaintiffs under seal.

6. Defendants' counsel are prohibited from sharing any information about Plaintiffs' identities or related personal information beyond what is reasonably necessary for the litigation (including to comply with Court orders) and to prohibit use of the information for any purpose outside of the litigation.

7. Under the circumstances of this case, it is proper to waive the requirement that Plaintiffs give an amount of security. Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

Dated: _____, 2025　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER